UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,      )
          Plaintiff/Respondent,   )
                             )    No. 1:12-cr-50
-v-                              )
                             )    HONORABLE PAUL L. MALONEY
ALBERT HATHORN,           )
          Defendant/Petitioner.   )
_____)

## OPINION

This matter is before the Court on Petitioner Albert Hathorn's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons discussed herein, Hathorn's motion to vacate, set aside, or correct sentence will be dismissed as time barred.

I.     **BACKGROUND**

On June 7, 2012, a jury returned a unanimous guilty verdict as to Albert Hathorn for unlawful possession of one or more firearms or ammunition by a convicted felon, conspiracy to tamper with a witness, and attempt to tamper with a witness. (ECF No. 41 at PageID.173–74.)

The Court imposed a guideline sentence of 120 months on the firearm and ammunition count, and 216 months on the witness tampering counts, all to be served concurrently. (ECF No. 63.) The Court also imposed special conditions of supervised release. The Sixth Circuit Court of Appeals rejected Hathorn's challenge to his conviction but vacated the special conditions of his supervised release and remanded him for resentencing. The Sixth Circuit issued its mandate on November 26, 2013. On February 3, 2014, this Court resentenced Hathorn and the following day entered an amended judgment against him. (ECF No. 78.)

Accordingly, Hathorn's clock began to run on February 18, 2014, because he did not appeal his amended judgment.[1]

On January 16, 2015, Hathorn filed a "motion for stay/injunction pending appeal" in which he requested an extension of the one-year statute of limitations contained in 28 U.S.C. § 2255. Hathorn attached a "sworn affidavit" in which he attempted to set forth reasons why the Court should extend the limitations period; specifically, he cited his status as a non-lawyer; his inability to find a lawyer, including a "jailhouse lawyer," to assist him; and his lack of access to a law library due to the "large number of inmates trying to access" the library. (ECF No. 81-1 at PageID.1068.) On February 9, 2015, this Court dismissed the motion for lack of jurisdiction. (ECF No. 63 at PageID.1072–73.) Hathorn never filed an actual motion within the time allowed.

On June 16, 2015, Hathorn filed the instant motion and supporting memorandum requesting that this Court vacate his sentence. In his supporting memorandum, Hathorn altered his equitable tolling argument, claiming he "never received his property until 3/16/15," after having been "placed in the segregated housing unit from 4/12/14 until 3/8/15." (ECF No. 84-1 at PageID.1093.)

## II.    LEGAL FRAMEWORK

AEDPA imposes a one-year statute of limitations on habeas petitions in 28 U.S.C. § 2255. The statute of limitations will begin to run on the latest of four dates: (1) when the conviction becomes final; (2) when an unlawful government impediment to filing a motion under Section 2255 is removed; (3) when a new, retroactively applicable right is recognized by the Supreme Court; or (4) when new facts could not have been discovered through the exercise of due diligence. *Id.*

---

[1] Even if the clock began to run on the 90th day following the Sixth Circuit's mandate in Hathorn's appeal of the *original* judgment, Hathorn would have had to file within one year of February 24, 2014, which he failed to do.

When a defendant does not file an appeal, the judgment becomes final when the time allowed for appeal expires. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013.) A defendant has 14 days after judgment is entered to appeal in a criminal case. Fed. R. App. P. 4(b)(1)(A).

However, that statute of limitation is not jurisdictional, and does not require dismissal of all cases where the clock has run. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The one-year limit can be equitably tolled "in appropriate cases" if the petitioner shows that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way" and prevented filing. *Id.* at 648.

### III.   ANALYSIS

The *habeas* petitioner has the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Id.* at 741. This relief should be applied "sparingly" and on a case-by-case basis. Solomon *v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005); *Patterson v. Lafler*, 455 Fed. Appx. 606, 2012 WL 48186 (6th Cir. 2012). Courts only require "reasonable diligence" to satisfy the first requirement to find entitlement to equitable tolling. *Holland*, 560 U.S. at 653.

Even assuming that Hathorn exercised "reasonable diligence" by, for example, filing an (albeit disallowed) motion for equitable tolling, he has not satisfied that an "extraordinary circumstance stood in his way" and prevented timely filing his petition. *Id*. at 648.

Defendant first argued that the statute of limitations should be equitably tolled because he is not a lawyer; he was unable to find a lawyer, including a jailhouse lawyer," to assist him; and he purportedly had limited access to a law library due to the "large number of inmates trying to access" the library. (ECF No. 81-1 at PageID.1068.)

In other words, as of January 16, 2015, shortly before his one year had run, Hathorn proffered garden-variety excuses that often are advanced for—but almost never suffice to establish—equitable tolling. *See, e.g., Uriarte v. Terhune*, 9 F. App'x 753, 754 (9th Cir. 2001) (inability to find a jailhouse lawyer was not an extraordinary circumstance warranting equitable tolling, even though movant could not write English); *Newson-Bey v. McGuiggin*, 78 Fed. R. Serv. 3d 656, 2011 WL 124469, at *4 (E.D. Mich. 2011) (noting a defendant "is not entitled to equitable tolling of the statute of limitations based upon his level of education or his inability to secure the services of a jailhouse lawyer"); *Moore v. Curley*, No. 11-13451, 2012 WL 3029779, at *4 (E.D. Mich. July 25, 2012) (finding " a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance"); *Nogueras v. Biter*, No. 1-11-CV-01106, 2012 WL 371941, at *7 (E.D. Cal. Feb. 3, 2012) (noting that movant was not entitled to equitable tolling because he could not secure a jailhouse lawyer and had limited access to the prison law library).

In *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012)—somewhat of an aberration in the case law—the Sixth Circuit held that a combination of factors gave rise to equitable tolling: a series of prison transfers that prevented the petitioner from accessing his law materials, the petitioner's partial illiteracy, the complexity of the legal issue, and the narrow margin by which the petitioner missed the deadline. That Court also emphasized that greater flexibility was warranted when the limitations period is triggered by a change in the law.

None of the *Jones* factors are present here. Hathorn's petition was several months late. He does not allege that he was *prevented* from accessing law materials, only that a staff shortage and crowded conditions purportedly made access less convenient. He does not allege that prison officials prevented him from accessing a jailhouse lawyer, or that he had no knowledge of the filing deadline. The issues Hathorn raises are far from complex; indeed, they are the very same

issues he raised in May 2012 when he filed a motion to appoint new counsel, alleging that Mr. Kaczor was not sufficiently investigating the 2009 incident. (ECF No. 19 at PageID.35–36.)

Hathorn now—even though he failed to even mention this argument in his January 2015 motion—argues that he is entitled to equitable tolling for an additional reason: Hathorn claims he "never received his property until 3/16/15,"[2] after having been "placed in the segregated housing unit from 4/12/14 until 3/8/15." (ECF No. 84-1 at PageID.1093.) His prior motion for equitable tolling, however, stated that he was in the "special housing unit" since June 29, 2014.

Hathorn's excuses offered in January 2015 and June 2015 are not consistent, and the Court doubts the credibility of his assertions. Regardless, the Sixth Circuit affirmed his underlying conviction on November 1, 2013, and Hathorn had several months he could have filed a petition.

In any event, none of the reasons Hathorn advances—even combined—satisfy the *Holland* standard. *Cf. Jones*, 689 F.3d at 627–28. He has failed to demonstrate that he diligently pursued his rights or that extraordinary circumstances prevented him from timely filing his motion. Failing to secure a jailhouse lawyer, a busy law library, and inconvenient prison transfers and housing assignments are garden variety excuses that do not suffice to establish "that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 560 U.S. at 655. In fact, Hathorn even filed a six-page motion for equitable tolling within the time period—but he inexplicably failed to file the petition itself.

## IV.   CONCLUSION

For the reasons discussed above, Petitioner's motion seeking relief under 28 U.S.C. § 2255 is **DENIED** because it is time barred and equitable tolling is unavailable. (ECF No. 84.) Petitioner's motion for copies without fees is **DISMISSED AS MOOT**. (ECF No. 90.)

---

[2] Since Hathorn failed to mention anything about missing property in his January 2015 motion, the Court finds this excuse not credible—and possibly manufactured after the Court denied his earlier motion for equitable tolling.

## CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2255 Proceedings, a court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 655.

Hathorn's proffered reasons for equitable tolling (ECF No. 81, 84) are unavailing. Hathorn comes nowhere close to meeting even the most deferential standard in the Circuit allowing equitable tolling because of a "combination of factors," even when none of the factors would constitute "extraordinary circumstances" alone. *See Jones*, 689 F.3d at 627. Reasonable jurists would not disagree that Hathorn is not entitled to equitable tolling; his petition, therefore, is indisputably time barred. A Certificate of Appealability for this petition is hereby **DENIED**.

## <u>ORDER</u>

For the reasons discussed in the accompanying opinion, Petitioner's petition for writ of *habeas corpus* seeking relief under 28 U.S.C. § 2255 is **DENIED**. (ECF No. 84.) Petitioner's motion for copies without fees is **DISMISSED AS MOOT**. (ECF No. 90.)

**IT IS SO ORDERED.**

Date:   August 24, 2016                                   /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                Chief United States District Judge